J-A18039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                      :         PENNSYLVANIA
                                        :

             v.                                :
                                        :

URVE MAGGITTI                     :
                                        :

           Appellant                 :       No. 2859 EDA 2024

Appeal from the Judgment of Sentence Entered July 18, 2024
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0001735-2023

BEFORE:  OLSON, J., DUBOW, J., and BECK, J.

MEMORANDUM BY DUBOW, J.:            **FILED SEPTEMBER 16, 2025**

Appellant, Urve Maggitti, appeals from the July 18, 2024 judgment of sentence of one year of supervisory probation entered in the Chester County Court of Common Pleas following her conviction by a jury of Unlawful Use of an Audio or Video Device in Court, 18 Pa.C.S. § 5103.1(a).  She asserts that Section 5103.1 is unconstitutional and contends the trial court erred in denying her requests for the court's recusal, a continuance, and a jury instruction.  We dismiss this appeal.

The facts and procedural history of this case are immaterial to our disposition as the counselled brief that Appellant has submitted to this Court fails to conform to the basic requirements of appellate advocacy.  Appellant's brief does not include: (1) a copy of the order on appeal; (2) an accurate and complete statement of both the scope and standard of review; (3) a statement of questions involved; (4) a statement of the case; (5) a summary of the

argument; and (6) a copy of her Rule 1925(b) statement. *See* Pa.R.A.P. 2111(a) (listing required contents for appellate briefs).[1] Moreover, in the argument section of her brief, Appellant fails to cite to the place in the record where she preserved her constitutional challenge in violation of Rule 2119. *See* Pa.R.A.P. 2119(c). In fact, in over more than 19 pages of "argument," Appellant referenced the record only three times, citing each time to "Transcript at 000686-000687." *See* Appellant's Brief at 29.

In light of the substantial briefing defects in Appellant's brief, we are unable to conduct meaningful appellate review. We, thus, dismiss this appeal.[2]

Appeal dismissed.

Judge Beck joins the memorandum.

---

[1] Appellant has, however, included a section titled "Introduction." That section is argumentative in nature and does not contain a "statement of the form of action, followed by a brief procedural history of the case," or a "closely condensed chronological statement, in narrative form, of all the facts which are necessary to be known in order to determine the points in controversy, with an appropriate reference in each instance to the place in the record where the evidence substantiating the fact relied on may be found" in violation of Rule 2117. *See* Pa.R.A.P. 2117(a)(1), (a)(4), (b).

[2] Even if Appellant's brief complied with our Rules of Appellate Procedure, she would not be entitled to relief as: (1) this Court recently held 18 Pa.C.S § 5103.1(a) constitutional in *Commonwealth v. Leschinskie*, 329 A.3d 459 (Pa. Super. 2024); (2) Appellant did not preserve her recusal claim by raising it with specificity in her Pa.R.A.P. 1925(b) statement; (3) the trial court did not abuse its discretion in denying her eleventh hour request for a continuance to obtain counsel when the court had previously given her multiple opportunities to obtain counsel; and (4) Appellant did not preserve her jury instruction claim with specificity in her Rule 1925(b) statement.

Judge Olson concurs in result.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>9/16/2025</u>